FILED
SEP - 4 2007
Clerk, U.S. District Court
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07-20083-KHV-JPO |
| v. ) | |
| ) | |
| MID-AMERICA PIPELINE COMPANY, LLC, ) | |
| A DELAWARE LIMITED ) | |
| LIABILITY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

The following is a Plea Agreement made and submitted pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure between Mid-America Pipeline Company, LLC (also referred to as "Mid-America"), by its General Counsel and Secretary, Raymond P. Albrecht, and by its undersigned counsel, Terry Satterlee of Shook Hardy & Bacon, LLP, and James R. Hobbs of Wyrsch Hobbs & Mirakian, P.C.; and the United States of America, by Eric Melgren, United States Attorney of the District of Kansas, by Raymond Bosch, Special Assistant United States Attorney of the District of Kansas.

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the charging Information, which is a negligent violation of Title 33, United States Code, § 1321, and is thus a violation of Title 33, United States Code, § 1319(c)(1)(A), that is, a negligent violation of the Federal Water Pollution Control Act (Clean Water Act). By entering into this plea agreement, the defendant admits to committing this

offense, and to being guilty of this offense.

2. **Applicability of the Sentencing Guidelines and Potential Sentence.**

The defendant understands that the United States Sentencing Guidelines relating to the sentencing of organizations does not apply to the imposition of fines for environmental crimes. See U.S.G. § 8C2.1 (Commentary-Background). The maximum amount of the fine to be imposed under the statute charged could be the greater of $25,000 per day of violation, the amount specified in 33 U.S.C. § 1319(c)(1), the law setting forth the offense; twice the gross pecuniary gain derived from the crime or twice the gross pecuniary loss caused to the victim of the crime, 18 U.S.C. § 3571(d); or $200,000 per misdemeanor count, 18 U.S.C. § 3571(c)(5). The defendant understands that the penalty also includes a $125 mandatory special assessment, pursuant to 18 U.S.C. §3013(a)(B)(iii). The defendant understands that the Court may order a sentence of probation for up to five years.

3. **Factual Basis for the Guilty Plea.**   The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

MID-AMERICA, at all times set forth herein, has been a limited liability company in good standing under the laws of the State of Kansas, and has been licensed to do business within the State of Kansas. The company's primary business involves operating industrial pipelines.

On or about October 27, 2004, Mid-America negligently discharged anhydrous ammonia from its pipeline located near Kingman, Kansas onto nearby soils and into an unnamed tributary of Smoots Creek and its confluence with the South Fork of the

Ninnescah River in violation of the Clean Water Act, which prohibits the unpermitted discharge of anhydrous ammonia into navigable waters of the United States. This discharge caused more than $500,000 in pecuniary losses to persons other than the defendant. Smoots Creek is a "navigable water of the United States".

While accepting responsibility for these negligent acts, the defendant specifically denies, and the Government does not allege, that it acted knowingly, intentionally, fraudulently, willfully, recklessly with conscious disregard or with gross negligence.

4. **Joint Sentencing Recommendation.**

a. The United States and the defendant jointly recommend that the Court:

(1) Order the defendant to pay, immediately upon sentencing, a fine in this case in the amount of One Million ($1,000,000) dollars. Pursuant to Title 26, United States Code, § 9509(b)(8), this fine shall be paid into the trust fund established under that title.

(2) Order the defendant to pay, immediately upon sentencing if it has not been paid before that time, the special assessment of $125 due under Title 18, United States Code, § 3013(a)(B)(iii).

5. **Agreements by the United States**  In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees to not file any additional criminal charges against the defendant, its parent corporation or its employees for environmental violations arising out of the facts known to the United States Environmental Protection Agency at the time of the filing of this information. In the event the defendant breaches or violates this plea agreement or otherwise fails to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity

under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rules of Criminal Procedure, § 11(f), Federal Rules of Evidence, § 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant in any criminal proceedings subsequent to this plea agreement.

6. **Defendant's Agreements.** The defendant agrees to cooperate fully and truthfully with the United States as follows:

   a. Defendant agrees to provide truthful, complete, and accurate information and testimony in the trial of this matter, before any grand jury proceeding, or in any related hearing;

   b. Defendant agrees to provide all information concerning the defendant's knowledge of, and participation in, the offenses charged in the information and all related conduct;

7. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States Magistrate Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

4

8. **Withdrawal of Plea Not Permitted.**   The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

9. **Payment of Special Assessment.**   The defendant understands that a mandatory special assessment of $125 per count of conviction will be entered against the defendant at the time of sentencing.  The defendant agrees to deliver to the clerk of the court payment in the appropriate amount at or before the time of sentencing.  If the defendant fails to make full payment of the special assessment the United States will no longer be bound by the provisions contained in Paragraph 4 of this agreement.  The burden of establishing an inability to pay the required special assessment lies with the defendant.

10. **Waiver of Appeal and Collateral Attack.**   Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change its sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. Section 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2).  However, if the United States exercises its

right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

11. **Waiver of FOIA Request.** With the exception of current ongoing civil litigation, the defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

12. **Waiver of Claim for Attorney's Fees**. The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

13. **Full Disclosure by United States.** The defendant understands the United States will provide to the court all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement.

14. **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that its undersigned General Counsel and Secretary, Raymond P. Albrecht, has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

16. **Corporate Authorization to Voluntary Plea and Agreement.**

   a. Defendant MID-AMERICA has provided to the United States and to the Court a notarized Consent of Sole Member of MID-AMERICA bearing both notary and corporate seals, certifying that the undersigned Raymond P. Albrecht, General Counsel and Secretary of MID-AMERICA is authorized to plead guilty on behalf of MID-AMERICA to the charges set forth in the Information, and to enter into this Plea Agreement on behalf of MID-AMERICA. Said notarized Consent of Sole Member is attached hereto, marked "Exhibit 1", and is incorporated herein by reference.

7

Defendant MID-AMERICA agrees that the undersigned General Counsel and Secretary of MID-AMERICA shall appear in Court in the District of Kansas on behalf of the MID-AMERICA to enter the guilty plea and to receive the Court's sentence.

      b.     MID-AMERICA, by its undersigned General Counsel and Secretary, has read the Plea Agreement, understands it, and affirms that it was entered into freely and not through any threat or coercion. In signing this document, the General Counsel and Secretary of MID-AMERICA, Raymond P. Albrecht, represents that he has been authorized by MID-AMERICA's Sole Member to sign this Plea Agreement on behalf of MID-AMERICA and that his signature does, in fact, bind MID-AMERICA to its terms.

      c.     MID-AMERICA acknowledges that it is entering into this Plea Agreement and is pleading guilty freely and voluntarily. MID-AMERICA further acknowledges its understanding of the nature of the offense to which it is pleading guilty and the elements of the offense, including the penalties provided by law, and its complete satisfaction with the representation and advice received from its undersigned counsel. MID-AMERICA understands that it has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against it, and the right to compulsory process for the attendance of witnesses to testify in the corporation's defense. MID-AMERICA understands that by pleading guilty, it waives or gives up those rights and that there will be no trial and it will be subject to any legal sentence of the Court.

ERIC MELGREN,
UNITED STATES ATTORNEY

*[signature]*            Date: September 4th, 2007

Raymond C. Bosch
Special Assistant U.S. Attorney
U.S. Environmental Protection Agency
901 North Fifth Street
Kansas City, Kansas 66101
(913) 551-7501
District Ct. #77926

*[signature]*            Date: Sept. 4, 2007

Marietta Parker
First Assistant United States Attorney

MID-AMERICA PIPELINE, INC.

by: *[signature]*            Date: Sept. 4 - 2007

Raymond P. Albrecht
General Counsel and Secretary
Mid-America Pipeline Company

*[signature]*            Date: 9-4-07

James R. Hobbs
Wyrsch, Hobbs & Mirakian, P.C.
Attorney for Defendant Mid-America
Pipeline Company
1000 Walnut, Suite 1600
Kansas City, Missouri 64106
(816) 221-0080
Ks.S.Ct.#

9

_____          Date: _____
Terry Satterlee
Shook Hardy & Bacon, L.L.P.
Attorney for Defendant Mid-America
Pipeline Company
2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550

10